# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **TECUMSEH M. MAYES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 5:23-cv-0404-LCB |
| | ) |
| **DARDEN BRIDGEFORTH & SONS,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Before the Court is Tecumseh M. Mayes's motion for leave to proceed *in forma pauperis*, in which he seeks leave to file this lawsuit without the prepayment of fees and costs. Mayes's affidavit of indigency supports a finding that his motion is due to be granted pursuant to 28 U.S.C. § 1915(a). However, for the reasons that follow, this case is due to be dismissed without prejudice under § 1915(e)(2)(B), because Mayes's complaint fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

Mayes, proceeding pro se, initiated this action by filing a complaint using the Court's standard form entitled "Pro Se General Complaint for a Civil Case." Under the section entitled "Basis for Jurisdiction," Mayes checked the box indicating "USA Defendant." However, he listed his former employer, Darden Bridgeforth & Sons,

as the only defendant. Nothing in the complaint suggests that the Defendant is a government agency or in any other way affiliated with the federal government.

Additionally, Mayes alleged that both he and Darden are Alabama residents, so the Court would not have diversity jurisdiction. Therefore, the only remaining basis for this Court's jurisdiction would be a constitutional or federal question. Given that the remainder of Mayes's compliant appears to assert wrongful termination and sexual harassment against his former employer, this appears to be the box he should have checked. Further, when asked the basis for the type of jurisdiction he indicated, Mayes wrote: "Due process violations pursuant to the (4, 8, 14 to the U.S.C.A.)." Given Mayes's status as a pro se plaintiff, the Court will construe his complaint as alleging a federal question.

However, Mayes's complaint is nevertheless woefully deficient. First, it is not clear from the face of the complaint whether Mayes exhausted or even pursued any administrative remedies by filing a charge with the Equal Employment Opportunity Commission. Further, he has not provided dates for when the alleged discrimination occurred. Accordingly, the Court is unable to discern from the face of the complaint whether it is timely and whether Mayes exhausted his administrative remedies if required[1].

---

[1] Mayes also failed to indicate the statute or statutes under which he is bringing his claims. He listed several Amendments to the United States Constitution in his complaint, but those Amendments do not contain their own private rights of action.

But even if Mayes's complaint was timely and properly before the Court, it would still be inadequate. Mayes's allegations, in their entirety, are as follows:

> The Defendant is a company and was my employer at the time in question and did allow the following as was mentioned in the state civil action that makes the basis of this action whereby I did appeal to the Alabama Supreme Court. The claims to be reviewed are such, (a) wrongfully layed (sic) me off without due process, (b) the defendant allowed me to be sexually harassed on the job site etc.

(Doc. 1, at 5). Mayes thus appears to have filed a lawsuit in state court stemming from the same events but given that he says nothing else about any state case, the Court can only speculate. Nevertheless, Mayes has clearly failed to state a claim for which relief can be granted.

Title 28 U.S.C. § 1915(e)(2) requires a federal court to dismiss an action filed by a plaintiff proceeding *in forma pauperis* if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary damages from a defendant who is immune from such relief. The purpose of section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A dismissal pursuant to section 1915(e)(2) may be issued sua sponte by the court prior to the issuance of process so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints. *Id*.

Dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted is governed by the same standard as dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). As such, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]o state a plausible claim for relief, the plaintiff[ ] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

As noted above, Mayes's complaint is bare bones. At best, he alleged that the Defendant was his employer at some point in time; that the Defendant laid him off without due process; and that the Defendant allowed Mayes to be sexually harassed at work. Mayes asserts no other facts that would buttress these conclusory allegations. Most importantly, he does not allege any dates on which any of the complained-of acts occurred. Additionally, he does not explain what kind of "due

process" he was entitled to at his job, nor does he give any details surrounding his separation from the company.  As to the alleged sexual harassment, Mayes does not name his harasser, nor does he give any details about what the harassment entailed.  Put simply, he has failed to plead factual content that would allow the Court to draw any reasonable inferences as to whether the Defendant is liable for any misconduct.

The Court recognizes that Mayes is appearing pro se, that filings by pro se litigants are to be more leniently construed, and that such litigants are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).  However, notions of leniency do not excuse a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998).  Nor does this leniency require or allow courts "to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).  Furthermore, a district court is not required to grant leave to amend when an amendment would prove futile.  *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020) ("Leave to amend would be futile if an amended complaint would still fail at the motion-to-

dismiss or summary-judgment stage.") (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

For the foregoing reasons, this case is due to be dismissed under § 1915(e)(2)(B) because the complaint fails to state a claim upon which relief may be granted. A separate, final order will be entered.

**DONE** and **ORDERED** April 3, 2023.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE